IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND M. MILLIGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:05CV2028-B |
| | § | ECF |
| MINYARD FOOD STORES, INC. | § | |
| | § | |
| Defendant. | § | |

**JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF
SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Raymond M. Milligan ("Plaintiff") and Defendant Minyard Food Stores, Inc. ("Defendant") hereby notify the Court that they have settled Plaintiff's claims contingent on approval of said settlement by the Court. The parties submit the following stipulation of facts to support their request for Court approval of—and to bind the parties to—their settlement, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216 et seq. ("FLSA"). Lynn's Food Stores, Inc. v. U.S. Department of Labor, 679 F. 2d 1350, 1355 (11th Cir. 1982). The parties request that the Court approve the settlement and dismiss Plaintiff's action with prejudice. As grounds for the Court's approval of these motions, the parties state as follows:

## PROCEDURAL HISTORY AND STIPULATED FACTS

1. Plaintiff filed his Complaint against Defendants on October 13, 2005. In his Complaint, Plaintiff alleged that Defendants violated §216(b) of the FLSA by failing to make certain overtime payments to Plaintiff during his employment.

2. The parties had a bona fide dispute under the FLSA. Defendant asserted that it had reasonable grounds to believe it had complied with the FLSA, that Plaintiff received wages for all hours worked, and that it had acted in good faith and not willfully in violation of the FLSA.

3. The parties engaged in settlement discussions and negotiations prior to determining an agreeable settlement of Plaintiff's claims. These negotiations consisted of the following:

(a) Defendant calculated proposed settlement figures based upon an analysis of Plaintiff's timesheets and payroll records. Plaintiff and his counsel discussed Plaintiff's hours and pay rate, and formulated their own figures.

(b) The parties then engaged in settlement discussions relying, in part, upon their independent calculations.

4. As a result of the foregoing process, Plaintiff and Defendant have now agreed to a confidential resolution of this matter.

5. The parties represent that as a result of this settlement, Plaintiff will receive overtime payments for certain alleged work performed and an amount for liquidated damages. Defendant is also paying Plaintiff for his attorneys' fees and costs. Plaintiff represents and Defendant accepts for purposes of the settlement that the amount of fees and costs to be paid by Defendant are reasonable.

6. The parties stipulate that they had a bona fide dispute and that they are resolving the matter at this stage in order to avoid the cost and time involved in litigating the issues of liability, liquidated damages and willfulness and the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiff's claims involve disputed issues as reflected by the Complaint and the Defendant's Answer and defenses. Plaintiff is satisfied that the amount of the settlement represents a reasonable compromise of his claims. The parties agreed to the terms after they were counseled by their respective attorneys. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable.

Wherefore, Plaintiff and Defendant respectfully request that this Court accept and approve the settlement and that the Court dismiss the action in its entirety with prejudice.

## MEMORANDUM OF LAW

Under the FLSA, binding settlements of back wages or liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. Lynn's Food Stores, Inc. v. United States Department of Labor, 679 F. 2d 1350, 1355 (11th Cir. 1982). In detailing the reasons for court approval, the Eleventh Circuit has reasoned as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. Thus, a stipulated judgment on "disputed issues of both law and fact" will be binding if entered subsequent to court approval. See Jarrard v. Southeaster Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947) (holding that decree of state court based upon a stipulated agreement and then entered as a final judgment was binding upon – and res judicata as to – plaintiffs' subsequent claims for liquidated damages where bona fie dispute of both law and fact were involved in litigation and where "proposed settlement agreed upon was fair and equitable to all parties concerned").

In determining whether a binding, stipulated judgment should be entered, courts inquire as to whether the proposed settlement agreement (1) is "fair and reasonable;" and (2) resulted from a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F. 2nd at 1354. The parties may make such a showing by submitting proof or a stipulation of facts in support of the proposed settlement agreement. Rogan et al. v. Essex County News, 65 F. Supp. 82, 83 (D. N.J. 1946). In this case, the parties agree that both criteria under the FLSA have been met.

A.   The Settlement Agreement is "Fair and Reasonable"

In determining whether a settlement agreement is "fair and reasonable," courts require a showing that the statutory requirements have been met. Rogan et al. v. Essex County News, 65 F. Supp. 82, 83 (D. N.J. 1946). Thus, the fairness requirement itself appears to encompass two factors. First, whether the circumstances surrounding the settlement were fair and equitable; and second, whether the statutory wage payment requirements of the FLSA have been met in the proposed settlement. A settlement reached in litigation is more likely to be a reasonable compromise over statutory rights rather than a waiver of such rights. The settlement in this case resulted from negotiations whereby all parties were represented by counsel. Defendant calculated proposed settlement figures based upon Plaintiff's timesheets and payroll records.

Plaintiff and his counsel likewise calculated proposed settlement figures. Based on such figures, the parties negotiated and ultimately agreed upon a settlement figure.

As a result of the foregoing process, Plaintiff and Defendant have now agreed to a resolution of this matter. The parties represent that as a result of this settlement, Plaintiff will receive overtime payments for certain work performed during his employment. Defendant has also agreed to pay Plaintiff's attorneys' fees and costs. Plaintiff represents and Defendant accepts for purposes of the settlement that the designated fees and costs included in the settlement are reasonable. Both Defendant and Plaintiff understand the terms of the settlement and attest to the reasonableness of such terms.

    B.   <u>The Settlement Agreement Reflects the Resolution of a Bona Fide Dispute Between the Parties.</u>

As to the second element, the proposed settlement reflects the resolution of a bona fide dispute between the parties. At the initiation of this litigation, there existed a bona fide dispute between the parties as to Defendant's compliance with the FLSA. Specifically, Plaintiff contended that Defendant allowed him to work "off-the-clock" and failed to make overtime payments to him in violation of the FLSA. To the contrary, Defendant asserted that Plaintiff received overtime pay for all hours worked and was not entitled to any overtime payments under the FLSA. Thus, the parties have demonstrated that the Court should find the settlement to be a fair and reasonable means by which to amicably settle a bona fide dispute in a litigated proceeding.

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court grant the Parties Joint Notice of Settlement, Motion for Approval of Settlement and Motion to Dismiss Case with Prejudice.

Respectfully Submitted,

| | |
|---|---|
| THE YOUNG LAW FIRM, P.C. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| /s/ Jeremi K. Young | /s/Bryant S. McFall |
| Jeremi K. Young | Bryant S. McFall |
| Texas Bar No. 24013793 | Texas Bar No. 00784556 |
| The Young Law Firm, P.C. | L.R. Loriane Pickell |
| 112 W. 8th Avenue, Suite 900-D | Texas Bar No. 24044501 |
| Amarillo, Texas 79101 | 700 Preston Commons |
| Telephone: 806-331-1800 | 8117 Preston Road |
| Facsimile: 806-398-9095 | Dallas, Texas 75225 |
| ATTORNEYS FOR PLAINTIFF | Telephone: 214-987-3800 |
| | Facsimile: 214-987-3927 |
| | ATTORNEYS FOR DEFENDANT |

4234682.1